

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 6, 1959

Mr. Frank M. Jackson
Executive Secretary
Teacher Retirement System
of Texas
Austin, Texas

Opinion No. WW-589

Re: Does the Board of
Trustees of the
Teacher Retirement
System have the auth-
ority to require one
year of creditable
service under the
Teacher Retirement
Law for survivor bene-
fits to be in effect
after the retirement of

Dear Mr. Jackson:                    a teacher,

We quote from your request for an opinion as follows:

"At a meeting of the Board of Trustees on
November 21, 1956, Mr. L. P. Sturgeon explained
that it was the intent of the law to require one
year of service under the new bill before survivor
benefits were in effect for anyone. At this meet-
ing the Board of Trustees advised the staff of the
Teacher Retirement System to follow the intent of
the law and require that a member render at least
one year of creditable service before survivor bene-
fits are in effect.

"A teacher who has retired under the new law
without any creditable service since the law went
into effect is insisting on naming a beneficiary
for the $500.00 claim under death and survivor bene-
fits. Does the Board of Trustees have the auth-
ority to require one year of creditable service
under the new law for survivor benefits to be in
effect after retirement?"

The payment of death and survivor benefits is provided by Subsection
3 of Section 7 of Article 2922-1 of Vernon's Civil Statutes. Subsection 3(a)
provides for the payment of survivor benefits to the designated beneficiaries
of teachers who die before retirement as follows:

> "After a teacher member shall have completed one
> year of creditable service after the effective date of
> this Act, if he shall die before retirement, his desig-
> nated beneficiary (if eligibile and otherwise entitled
> to a death benefit other than return of the accumulated
> contributions of the member), may elect, in lieu of the
> applicable death benefit authorized under the preceding
> subsections, to receive the applicable of the following
> survivor benefits plus a lump-sum payment of Five Hun-
> dred Dollars ($500.00), viz:" (Emphasis Added)

The payment of survivor benefits to the designated beneficiary of members who die subsequent to retirement is covered by Subsection 3(c) of Section 7 and reads as follows:

> "If a member shall die subsequent to his retirement,
> the designated beneficiary surviving him shall be entitled
> to the same survivor benefits as are authorized to be
> paid to designated beneficiaries who survive members who
> are in active service at death; and moreover, any benefit
> payable to the designated beneficiary under the service
> retirement option elected by the deceased shall not be
> forfeited or changed because of any election as to sur-
> vivor benefits selected by such designated beneficiary;
> and provided further, that the lump-sum payment of Five
> Hundred Dollars ($500.00) shall be paid to such desig-
> nated beneficiary regardless of eligibility for survivor
> benefits, or for any other death benefit payments."

It is noted from a reading of the Section immediately preceding, that the designated beneficiary of a member who dies subsequent to retirement "shall be entitled to the same survivor benefits as are authorized to be paid to designated beneficiaries who survive members who are in active service at death." Subsection 3(a) provides that a member shall have completed one year of creditable service after the effective date of the Act before his designated beneficiary shall be entitled to survivor benefits. We believe that the Legislature has required that one year of creditable service after the effective date of the Act is applicable to members who die either prior or subsequent to retirement. This construction is in accordance with the Retirement Board's construction and application of these provisions since the effective date of the Act.

It is noted that Subsection 3(c) further provides that the lump-sum payment of Five Hundred Dollars ($500.00) shall be paid to such designated beneficiary regardless of eligibility for survivor benefits, or for any other death benefit payment. We believe the effect of this provision is

not to render a designated beneficiary eligibile for the lump-sum payment where the member has not completed one year of creditable service after the effective date of the Act, but such designated beneficiary is merely rendered eligibile for the lump-sum payment even though he may not bear the relationship to the deceased member required by Subsection 3(1) and 3(2).

You are therefore advised that the Board of Trustees of the Teacher Retirement System is authorized to require one year of creditable service by a member under the Teacher Retirement Act, in order for survivor benefits, including the Five Hundred Dollars ($500.00) lump-sum settlement, to be payable to his designated beneficiary. This would apply regardless of whether the member died either prior or subsequent to retirement.

## SUMMARY

The Board of Trustees of the Teacher Retirement System is authorized to require one year of creditable service by a member under the Teacher Retirement Act, in order for survivor benefits, including the Five Hundred Dollars ($500.00) lump-sum settlement, to be payable to his designated beneficiary. This would apply regardless of whether the member died either prior or subsequent to retirement.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Leonard Passmore
Leonard Passmore
Assistant

LP:rm:me

APPROVED

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Marvin H. Brown, Jr.
Thomas Burrus
W. Ray Scruggs
Jot Hodges, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert